UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN PAUL SANDGREN,

        Plaintiff,

v.

        Case No. 23-CV-923

DENNIS MCDONOUGH,
SECRETARY, DEPARTMENT
OF THE VETERANS AFFAIRS

        Defendant.

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS,**

Defendant, Dennis McDonough, Secretary of the United States Department of Veterans Affairs, by his undersigned attorneys, respectfully submits this reply memorandum in support of his motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). For the reasons explained in defendant's initial brief and below, the Court should grant defendant's Motion, dismissing plaintiff's complaint against him for failure to state a claim upon which relief can be granted.

    **I.    ARGUMENT**

        **a. Plaintiff has not offered evidence showing that he has exhausted his administrative remedies.**

Defendant filed his Motion on September 11, 2023. Because the plaintiff is proceeding *pro se*, defendant's Motion included the text of Fed. R. Civ. P. 56(c)-(e), Civil L. R. 56(a)-(b), and Civil L. R. 7. (ECF 6, pp. 2-7.) *See* Civil L. R. 56(a)(1)(B). Defendant's Motion also included the following notice:

> Pursuant to Civil L. R. 56(a)(1)(A), Defendant hereby notifies plaintiff that any factual assertion in Defendant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless plaintiff submits her own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion. (ECF 6, p. 1.)

In plaintiff's September 19, 2023, response, Mr. Sandgren does not offer any evidence or put forth any argument to rebut defendant's contention that he has failed to exhaust his administrative remedies prior to filing the instant lawsuit. Plaintiff's response largely rehashes the factual details underlying his discrimination allegations described in his complaint, as well as detail events from the administrative phase of his EEO complaint. *See* Pl. Resp. Br. ¶¶ 2-11, ECF No. 11. Neither of these categories of information are responsive to defendant's failure to exhaust argument.

The portion of plaintiff's response that does address the timing of his EEOC Office of Federal Operation ("OFO") Appeal, suggests that Mr. Sandgren in fact agrees that his district court lawsuit it premature. Mr. Sandgren first argues that his OFO appeal was filed on April 10, 2023, rather than April 27, 2023. Pl. Resp. Br. ¶ 13, ECF No. 11. Without reaching the merits of plaintiff's contention, even if his OFO appeal had been filed on April 10, 2023, the 180 days required to have elapsed prior to filing the instant lawsuit would not have occurred until October 7, 2023, well after plaintiff filed his district court complaint. Mr. Sandgren seems to acknowledge as much, stating "[t]here is a reason I filed earlier […] and by my math the 180 days is up beginning in October[.]" *Id* at ¶ 14. As Mr. Sandgren offers no argument to suggest he has exhausted his administrative remedies, and seemingly agrees the filing of his *pro se* lawsuit is premature, this Court should dismiss plaintiff's complaint.

> **b. Plaintiff has not exhausted his administrative remedies regarding his age discrimination claim, nor has he complied with the requirements of ADEA.**

In his response brief, plaintiff states, "I have [three] complaints in front of this court they are discriminating of military [sic], discriminating of age [sic], and discriminating of disabilities [sic][.]" Pl. Resp. Br. ¶ 1. He later alleges "[I] figured by the time this case gets in front of the federal court that time is ran out [sic] or I won my appeal but that only covers the disability it does not cover my age or military discrimination cases[.]" Pl. Resp. Br. ¶ 14.

As a threshold matter and for sake of clarity, defendant notes that, at the time of this filing, plaintiff currently has only filed the instant lawsuit in the Eastern District of Wisconsin; therefore, defendant construes Mr. Sandgren's use of the word "complaint" in paragraph 1 of his response brief and "cases" in paragraph 14 to refer to the bases on which plaintiff believes he has been discriminated.

Secondly, it unclear whether plaintiff previously alleged age discrimination during his formal EEO complaint. In his affidavit filed in EEO Complaint No. 200J-695-2022-144623, when asked to state to his knowledge why he was not selected for the position Mr. Sandgren wrote "[d]on't know maybe learning disability or color of my skin, or my age[.]" Supplemental Declaration of Erin Kaiser ("Supp. Kaiser Decl.") ¶ 2. Despite this reference, the only claim accepted for investigation was whether Mr. Sandgren was discriminated against based on Disability when he was not selected for the Utility Systems Repair & Operator Position. Kaiser Decl. ¶ 2. To the extent Mr. Sandgren attempted to allege age discrimination in his formal EEO complaint, that claim was not formally accepted.

Finally, assuming that Mr. Sandgren is alleging age discrimination for the first time in his instant lawsuit, he has not complied with his statutory exhaustion requirements, nor has he

3

Case 2:23-cv-00923-NJ    Filed 10/03/23    Page 3 of 5    Document 12

complied with the ADEA. The Notice of Rights and Responsibilities that is appended to plaintiff's Complaint of Employment Discrimination form, clearly states "[u]nder 29 C.F.R. §1614.105(a) & (a)(1), aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, reprisal or genetic information must consult an EEO counselor prior to filing a complaint in order to try to informally resolve the matter." Kaiser Decl. ¶ 3. Additionally, the notice later informs complainants "[i]f you allege age discrimination, you have the right to file a lawsuit in Federal District Court, without filing a formal EEO complaint. A Notice of Intent to Sue must be filed within 180 calendar days of the date of the alleged discriminatory act. However, you must first notify the [EEOC] of your intent to do so, at least thirty (30) calendar days in advance of the filing your Notice of Intent to sue." Suppl. Kaiser Decl. ¶ 3. Mr. Sandgren does not present any evidence that he filed a Notice of Intent to Sue, nor that he informed the EEOC of his intent to do so, and the only accepted claim in his formal EEO complaint is based on disability, not age. Therefore, plaintiff has failed to exhaust his administrative remedies and has not complied with the requirements of the Age Discrimination in Employments Act (ADEA) prior to bringing this suit. The Court should dismiss any age discrimination claims made by Mr. Sandgren, regardless of when the claims were initially alleged.

   **c. Plaintiff's allegation of "military status" discrimination does not state a viable claim for relief.**

As previously mentioned, plaintiff alleges one of his claims for discrimination is based on his military status. Compl. 3, ECF No. 1; Pl. Resp. Br. ¶¶ 1, 14. Despite making this statement in both his complaint and his response brief, plaintiff does not state a plausible claim for relief as he does not state <u>any</u> factual allegations in support of his claim. Without any factual allegations linking his non-selection for employment to his military status, nor a single argument as to how he was discriminated against based on his military status, it is entirely unclear from Mr. Sandgren's

complaint what the basis for this claim of discrimination is. Given that plaintiff's claim for military status discrimination does not contain any factual allegations from which a trier of fact could conclude it is "plausible on its face", the Court should grant defendant's motion to dismiss on plaintiff's military status claim as well.

II. **CONCLUSION**

For the foregoing reasons and for the reasons explained in defendant's initial brief, the Court should grant defendant's Motion dismissing plaintiff's complaint.

Dated at Milwaukee, Wisconsin this third day of October 2023.

        GREGORY J. HAANSTAD
        United States Attorney

By:   /s/ Brian E. Pawlak
       BRIAN E. PAWLAK
       Assistant United States Attorney
       Brian E. Pawlak Bar Number: 1009916
       Attorney for Defendant
       Office of the United States Attorney
       Eastern District of Wisconsin
       517 East Wisconsin Avenue, Room 530
       Milwaukee, Wisconsin 53202
       Telephone: (414) 297-1700
       Fax: (414) 297-4394
       E-Mail: Brian.Pawlak@usdoj.gov