**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF RESOLUTION MANAGEMENT, DIVERSITY & INCLUSION**
2255 Enterprise Drive, Suite 5506
Westchester, IL 60154

March 8, 2022

Via Email: sandgrens@hotmail.com

Kevin Sandgren
4007 S. 76th Street, Apt. 6
Milwaukee, WI 53220

Dear Mr. Sandgren:

I will serve as the EEO counselor in the matter you reported to the Office of Resolution Management, Diversity & Inclusion (ORMDI) on February 28, 2022, Case Number 200J-695-2022-144623, as follows:

| Basis | Claim and Dates of Occurrence |
|---|---|
| Disability (Mental) | **Appointment/Failure to Hire**<br><br>• On February 9, 2022, the Aggrieved Party (AP) received a non-selection notice via email for the position of Utility Systems Repair and Operator, vacancy announcement #ML-11313107-22-AM. However, the AP was not afforded an opportunity to conduct an interview.<br><br>• Back on December 21, 2021, the AP received was notified via email that his application was referred to an unspecified hiring official.<br><br>• On February 10, 2022, the AP emailed Alana Mueller, Human Resources Specialist to ask why he was not contacted for an interview.<br><br>• On February 12, 2022, Ms. Mueller notified the AP via email that they/Agency are not required to interview for the position since it was eligible for direct hire authority due to the COVID-19 VA response.<br><br>• In February 2022, via email the AP notified Ms. Mueller that under the Americans with Disability Act (ADA) that they/Agency are required to provide him with an interview. Also, that he had conducted several interviews back in 2020 at the VA during the COVID-19 pandemic. However, Ms. Mueller did not respond to the aforementioned emails.<br><br>The AP stated, *"Under the ADA for a learning disability it clearly states that for them/Employer to pass you over you must fail two things. Either two interviews, an interview or a test or other things."*. The AP believes that the Agency has violated the ADA, as they are aware that he is an applicant with a learning disability. |

|  | The AP has been harmed as he has lost out on a career opportunity. |

| **Anonymity Election** |
|---|
| AP **verbally elected to waive** his anonymity. |

| **Alternative Dispute Resolution** |
|---|
| AP **declined** the offer to mediate. |

| **Requested Resolution** |
|---|
| For an investigation to be conducted into the selection process. |

If this information is incorrect, please advise me within five days of receipt of this letter.

I am enclosing the Notice of Rights and Responsibilities and a document entitled "Role & Responsibilities of the EEO Counselor." Please read these documents carefully, sign where indicated, and return a copy, preferably via e-mail to mechell.reed@va.gov, via fax at 708-236-2898 or to the address above.

If you have any questions or need additional information, call me at 1-888-566-3982, Ext. 998569.

Sincerely,

*Mechell Reed*

Mechell Reed
EEO Counselor



**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF RESOLUTION MANAGEMENT, DIVERSITY & INCLUSION**

# NOTICE OF RIGHTS AND RESPONSIBILITIES

Aggrieved Person: Kevin Sandgren
Case Number: 200J-695-2022-144623

Under 29 C.F.R. §1614.105(a) & (a)(1), aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, reprisal or genetic information must consult an EEO counselor prior to filing a complaint in order to try to informally resolve the matter.

An aggrieved person must initiate contact with an EEO counselor within 45 calendar days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 calendar days of the effective date of the action.

If the alleged matter(s) are beyond the 45 calendar day time limit for contacting an EEO counselor, you will be given an opportunity to provide an explanation of your untimely contact to the EEO counselor.

ORMDI is required to advise you that you have certain rights and responsibilities regarding the EEO matter that you raised. They are:

a. The right to remain anonymous during EEO Counseling. Your name will be divulged to others only upon your authorization for ORMDI to do so. You should know, however, that it might be very difficult to resolve your complaint informally if you choose to remain anonymous. Please indicate your choice by initialing below:

☐ **I want to remain anonymous**

☐ **I do NOT want to remain anonymous**

b. The right to a representative during the EEO complaint process including during EEO counseling. You may select anyone to represent you, as long as their position with VA would not represent a conflict of interest. **The EEO counselor cannot be your representative**. Please initial next to your selection below:

☐ **I do NOT want a representative at this time.** I understand I may select a representative later (or at any stage of the EEO process).
☐ **I have a representative. My representative is:**

| | |
|---|---|
| Name: | Attorney: ☐ Yes ☐ No |
| Address: | Phone: ( ) |
| Email: | Fax: ( ) |

c.  The right to have your claim(s) addressed through the agency Alternative Dispute Resolution (ADR) program or EEO counseling, **but not both.** Participation in the ADR program is voluntary on your part and <u>ADR may be entered into in lieu of traditional EEO counseling.</u> If ADR is elected during the pre-complaint process, the counseling period may be extended up to but not more than 90 calendar days. Your agreement to participate in ADR must be in writing. When ADR is elected, the EEO counselor will only gather enough information on your basis (es) and claim(s) to assist the agency in making a procedural determination in the event resolution through ADR is not reached.

    The EEO counselor will have no further involvement in the matter until the counselor is advised of the completion of the ADR process or the end of the 90-day counseling period, whichever comes first. At that time, if a resolution is not reached through ADR or the 90-day counseling period has ended, a final interview will be conducted, and you will be issued a Notice of Right to File a Discrimination Complaint.

d.  The right to request a reasonable accommodation during the EEO complaint process. Section 501 of the Rehabilitation Act requires agencies to provide reasonable accommodations to qualified applicants and employees with disabilities. To make a request and find your local reasonable accommodation coordinator, visit the Office of Diversity and Inclusion website at:
    http://www.diversity.va.gov/programs/pwd.aspx

e.  Under 29 C.F.R. §1614.301, Relationship to Negotiated Grievance Procedure, if you are employed by an agency subject to 5 U.S.C. 7121(d), and is covered by a bargaining unit agreement that permits allegations of discrimination to be raised in a negotiated grievance procedure, and you wish to file a complaint or a grievance of alleged employment discrimination, you must elect to raise the matter under either Part 1614 OR the negotiated grievance procedure, **but not both**. You may file the grievance before, during or after EEO counseling, but not after you file a formal discrimination complaint through EEO. An election to proceed under a negotiated grievance procedure is indicated by the filing of a timely grievance. Whichever you file first, a formal EEO complaint or a union grievance will be considered an election to proceed in that forum, and it must be presented in writing. At the formal level, any complaint filed after a grievance has been filed on the same matter, shall be dismissed without prejudice to the complainant's right to proceed through the negotiated grievance procedure. The dismissal of such a complaint shall advise the complainant of the obligation to raise discrimination in the grievance process and of the right to appeal the final grievance decision to the Commission.
    https://www.eeoc.gov/federal/directives/md-110_appendix_d.cfm

f.  If you are disputing a matter that can be appealed to the Merit Systems Protection Board (MSPB), you may file an EEO complaint or an MSPB appeal, **but not both**. Whichever you file first (a formal EEO complaint or an MSPB appeal) will be considered an election to proceed in that forum.
https://www.eeoc.gov/federal/directives/md-110_appendix_d.cfm

g.  Within thirty (30) days of your first contact with an EEO counselor, you have the right to receive a written notice terminating counseling and informing you of the right to file a formal complaint (unless the period has been extended by prior written consent). You also have the right, at the conclusion of counseling, to file a formal complaint within **15 calendar days** of receipt of the Notice of Right to File a Discrimination Complaint. When you are represented by an attorney, the Commission's service regulations require that all notices be served on the attorney, with a copy to you. Time frames are computed from the date of receipt by the attorney, not the date of receipt by the aggrieved person.

h.  If you allege age discrimination, you have the right to file a lawsuit in Federal District Court, without filing a formal EEO complaint. A Notice of Intent to Sue must be filed within 180 calendar days of the date of the alleged discriminatory act. However, you must first notify the Equal Employment Opportunity Commission (EEOC), 131 M Street, NE Fourth Floor, Suite 4NWO2F Washington, DC 20507-0100 of your intent to do so, at least thirty (30) calendar days in advance of the filing your Notice of Intent to Sue.
https://www.eeoc.gov/federal/directives/md-110_appendix_d.cfm

i.  If you are complaining about sex-based wage discrimination (being paid less than a person of the opposite sex, even though they are doing equal work), you may file a formal EEO complaint, or lawsuit in Federal District Court, pursuant to the Equal Pay Act. In addition to other remedies available through the EEO complaint process, liquidated damages are available for willful violation of the Equal Pay Act.
https://www.eeoc.gov/federal/directives/md-110_appendix_d.cfm

j.  If you file a formal EEO complaint and it is accepted, you have the right to request an immediate Final Agency Decision from the Department of Veterans Affairs, or a hearing before an administrative judge of the EEOC after 180 days from the date you file the formal complaint, or after completion of the investigation, whichever comes first. If you request a Final Agency Decision, the request should be addressed to Office of Resolution Management, Diversity & Inclusion 2255 Enterprise Drive, Suite 5506, Westchester, IL 60154. If you request an EEOC hearing, the request should be addressed to the EEOC District office under your geographical jurisdiction with a copy to the above-named District Manager. The list of offices can be found at
http://www.eeoc.gov/federal/directives/md-110_appendix_n.cfm.

k.  Except for complaints of age discrimination, you have the right to file a lawsuit in Federal District court at any time 180 calendar days after filing a formal complaint or up to 90 calendar days after receipt of a Final Agency Decision from VA. You may also appeal a Final Agency Decision to EEOC within 30 calendar days of receipt of the decision. If you choose to appeal a Final Agency Decision to EEOC, you have the right to file a lawsuit in Federal District Court at any time after 180 calendar days from the filing of such an appeal, or up to 90 calendar days after receiving an appellate decision from EEOC.

l.  If you believe that other individuals, similarly situated to you, have suffered from the same kind of discrimination, you may have the right to file a class action complaint. A class action complaint must allege that you have been individually harmed by a VA personnel management policy or practice that has similarly harmed numerous other class members. You must also allege that there are questions of fact that are common to, and typical of, the claims of the class, and that you or your representative will fairly and adequately protect the interests of the class. EEOC also requires that a class agent be represented by a qualified attorney.
https://www.eeoc.gov/federal/directives/md-110_chapter_8.cfm

m.  You have the responsibility to cooperate with VA during the processing of your complaint. You must keep the VA informed of your current address; you must claim any mail sent to you, and you must cooperate with any individual assigned to the complaint. If you eventually file an appeal with EEOC about the complaint, you must serve copies of the appeal papers on VA.

n.  If your complaint involves back pay, you have a duty to mitigate damages by actively seeking and/or retaining employment. Interim earnings or amounts, which could be earned by a complainant with reasonable diligence, generally must be deducted from back pay.

o.  If you have filed two or more complaints, the agency will consolidate them after appropriate notice to you. When a complaint has been consolidated with one or more earlier complaints, the agency shall complete its investigation within the earlier of 180 days after the filing of the last complaint or 360 days of the filing of the first complaint. In addition, the Administrative Judge may consolidate multiple complaints at the EEOC hearing stage.

p.  Finally, you must limit any formal EEO complaint you may file to those matters discussed with ORMDI, or to like or related matters (that is, matters which are directly related to those matters or which are unmistakably derived from those matters). Additionally, if you wish to amend a previously filed complaint, only matters that are like or related to the claim(s) in the pending complaint may be added. To protect your rights, discuss all claims with ORMDI before you file a

formal complaint.

q. If you reject an agency offer of resolution made pursuant to 29 C.F.R. §1614.109(c), it may result in the limitation of the Agency's payment of attorney's fees or costs.

r. Extension of Counseling for Resolution Efforts. When the aggrieved individual and an EEO Counselor engage in resolution efforts, they may decide that they need additional time to reach an agreement. If the aggrieved person consents, the EEO office may extend the counseling period an additional period up to but not exceeding 60 days. See 29 C.F.R. § 1614.105(e). Prior to the end of the 30-day period, the aggrieved person may agree in writing with the agency to postpone the final interview and extend the counseling period for an additional period of no more than 60 days. If the matter has not been resolved before the conclusion of the agreed extension, the notice described in paragraph (g) of this section shall be issued.

s. Unless you inform us otherwise, all EEO correspondence transmitted by ORMDI will be sent to you and your designated representative, if applicable, via email. If your representative chooses not to participate in the email receipt of documents, he/she must notify ORMDI in writing. In instances where documents may be too large to email, ORMDI will physically mail any such correspondence to your address of record.

If you should file a formal complaint, and it is accepted for investigation, you will receive a copy of the investigative file via encrypted email or via another means approved by the agency. With this election, you will not receive a printed copy of the investigative file unless you notify ORMDI in writing of your request to receive a printed file.

ORMDI will use the date you or your attorney, if applicable, received the correspondence via email for purposes of calculating timeliness. Therefore, if the email address to which EEO correspondence is sent is a VA account, you must use the Read Receipt Option in Outlook to provide proof of delivery to ORMDI. If you or your representative is not using a VA email account to receive EEO correspondence, you must provide ORMDI with email confirmation immediately upon receipt of documents and notices. For timeliness purposes if read receipt or email confirmation is not provided, it shall be presumed that the parties received the Agency's correspondence within five days after the date it was sent via email.

t. You may be asked to provide documentation to ORMDI to support your case. The Department of Veterans Affairs National Rules of Behavior (§2.hh) state that you "will protect sensitive information from unauthorized disclosure, use, modification, or destruction,…" You are asked to redact any unnecessary

personally identifiable information (names, patient records, addresses, phone number, etc..) from any documents that you provide to ORMDI. If you believe that the sensitive information in the documents is essential to your case, contact your ORMDI counselor/investigator and advise him/her of your concern BEFORE sending the information.

If you wish to discuss your rights and responsibilities further, or if you have questions or need additional information you may contact me preferably by e-mail, mechell.reed@va.gov, via telephone at 1-888-566-3982, Ext. 998569, or at the above address.

_____     _____
Kevin Sandgren, Aggrieved Person                                    Date


_____     _____
Representative                                                              Date

# ROLE AND RESPONSIBILITIES OF THE EEO COUNSELOR

- I am an information gatherer.

- My counseling activities are intentionally informal in order to contribute to a climate within which facts may be given freely and resolutions explored by both parties with minimum tension.

- I talk with the principles in the dispute in a casual and non-intimidating manner.

- As an EEO counselor, my job is to assist the parties of the complaint in their efforts to reach an amicable agreement.

- I am not a representative or an advocate of the aggrieved person.  I do not, for example, advise the aggrieved person whether to file a formal complaint.

- I do not offer opinions about the merits of the case, but I do advise on what EEO laws and regulations require to prevail in a case.

- I provide all parties with technical information about how the process works and about their rights and responsibilities during the process.

- I am not management's representative. I am a neutral of the Office of Resolution Management, Diversity & Inclusion (ORMDI).