# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEVIN PAUL SANDGREN,**

    Plaintiff,

  v.                                                    Case No. 23-CV-923

**DENNIS MCDONOUGH,**
**Secretary, Department of Veterans Affairs,**

    Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Kevin Paul Sandgren, who is representing himself, sues Dennis McDonough, Secretary of the United States Department of Veterans Affairs ("VA"), alleging that the VA failed to hire him for a position due to his age, disability, and/or military status in violation of federal law. (Docket # 1.) The VA moves to dismiss Sandgren's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Sandgren has failed to exhaust his administrative remedies. (Docket # 6.) For the reasons further explained below, the VA's motion to dismiss is granted and the case is dismissed.

## BACKGROUND

Sandgren alleges that he has applied for work with the VA approximately twenty times. (Docket # 1 at 3.) At issue in this complaint is his application for the position of Utility System Repair and Operator. Sandgren alleges that on December 21, 2021, he received an email stating that his application was being sent to the hiring manager and that he would be getting an interview on February 9, 2022. (*Id.*) Sandgren alleges that he subsequently received an email stating that he did not get the job, despite never having been interviewed. (*Id.*)

Sandgren alleges that he contacted the VA on February 10, 2022 via email and he received a response on February 12, 2022 from Human Resources stating, "with attitude," that the VA was not going to interview him because there was a temporary policy of "direct hire" due to COVID. (*Id.*) Sandgren contacted the Equal Employment Opportunity ("EEO") to investigate his case, which they did. (*Id.*) Sandgren alleges that he was discriminated against based on his disability and age, specifically that the VA hired a less qualified, younger individual for the position. (*Id.* at 3–4.) Sandgren further alleges that the VA did not properly consider his military status in evaluating his employment application. (*Id.* at 4.)

## LEGAL STANDARDS

As stated above, the VA moves to dismiss Sandgren's complaint for failure to exhaust administrative remedies. A failure to exhaust defense may be brought pursuant to Fed. R. Civ. P. 12(b)(6) "if the allegations of the complaint in the light most favorable to the plaintiff show that there is no way that any amendment could salvage the claim." *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) tests whether the complaint properly states a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A short and plain statement "'gives[s] the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

Although Sandgren does not specify under which federal law he brings this lawsuit, it appears that he invokes several laws, including Section 504 the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, which protects a "qualified individual with a disability" from discrimination solely because of his disability in any program receiving federal financial assistance; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, which protects workers who are forty years old and older from discrimination based on age; and the Veteran's Preference Act ("VPA") found in 5 U.S.C. § 2108, which gives eligible veterans preference when applying for jobs with the federal government.

As to Sandgren's claims under the Rehabilitation Act and the ADEA, before bringing a claim against the VA under either statute, Sandgren must first exhaust his administrative remedies. *See McGuinness v. U.S. Postal Serv.*, 744 F.2d 1318, 1320 (7th Cir. 1984) (Rehabilitation Act) and *Reynolds v. Tangherlini*, 737 F.3d 1093, 1101 (7th Cir. 2013) (ADEA). As to the Rehabilitation Act claim, it appears Sandgren filed a complaint of employment discrimination based on disability with the VA on March 20, 2022. (Declaration of Erin Kaiser ("Kaiser Decl.") ¶ 3, Ex. 2.) On April 10, 2023, the Office of Employment Discrimination Complaint Adjudication issued a final order denying Sandgren's claim. (*Id.* ¶ 4, Ex. 3.) Sandgren filed an appeal to the Office of Federal Operations ("OFO") on either April 10, 2023 (*id.* ¶ 6) or April 27, 2023 (Pl.'s Resp. Br, Docket # 11 at 4). Sandgren was instructed that he would have the right to file a civil action in United States District Court after 180 days from the date of filing an appeal with the OFO if there had been no final decision by the Commission. (Kaiser Decl. ¶ 5, Ex. 3.)

3

Sandgren acknowledges that at the time he filed the instant lawsuit, on July 11, 2023, the lawsuit was premature as no decision had been reached by the OFO and 180 days did not elapse until early October. (Docket # 11 at 2.) Sandgren argues, however, that he "figured by the time this case gets in front of the federal court that time is ran out or I won my appeal but that only covers the disability." (*Id.*) He argues that he is willing to "put the disability case on hold" while pursuing his other claims. (*Id.*) Because of Sandgren's acknowledged premature filing, however, it is unclear whether the OFO has reached a decision on Sandgren's alleged disability claim, which may resolve his dispute. Thus, this claim must be dismissed for failure to exhaust. As to the ADEA claim, Sandgren does not address whether he has exhausted this claim. As such, the ADEA claim must also be dismissed for failure to exhaust.

As to the Veteran's Preference Act, Sandgren alleges that the VA incorrectly noted in his record that he was not a veteran when he is, in fact, a veteran, and thus he did not get his "points" in the hiring process. (Docket # 1 at 4.) The Veteran's Preference Act contains three types of preference eligibility and assigns "points" based on the category. https://www.fedshirevets.gov/job-seekers/veterans/veterans-preference/#content (last visited Oct. 24, 2023). The preference is applied when agencies use a numerical rating and ranking system to determine the best qualified applicants for a position and adds these points to the score. *Id.* While § 2108 contains definitions of who is "preference eligible," there is no indication that § 2108 provides a private right of action. *See, e.g.*, *Luttrell v. Runyon*, 3 F. Supp. 2d 1181, 1187 (D. Kan. 1998) (finding no private right of action under VPA); *Philippeaux v. N. Cent. Bronx Hosp.*, 871 F. Supp. 640, 647 (S.D.N.Y. 1994) (finding no express cause of action in the VPA and finding VPA not enforceable through 42 U.S.C. § 1983). Thus, to the

4

extent Sandgren alleges a claim under the VPA, the complaint fails to state a claim and must also be dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant's motion to dismiss (Docket # 6) is **GRANTED**. The complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS FURTHER ORDERED** that plaintiff's request to strike reply brief or file response (Docket # 15) is **DENIED**.

**FINALLY, IT IS ORDERED** that the clerk of court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 24th day of October, 2023.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge