UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KEVIN PAUL SANDGREN,**

    Plaintiff,

  v.                                                           Case No. 23-CV-923

**DENNIS MCDONOUGH,**
Secretary, Department of Veterans Affairs,

    Defendant.

### ORDER ON MOTION FOR LEAVE TO
### APPEAL WITHOUT PREPAYMENT OF THE FILING FEE

    Kevin Paul Sandgren, who is representing himself, sued Dennis McDonough, Secretary of the United States Department of Veterans Affairs ("VA"), alleging that the VA failed to hire him for a position due to his age, disability, and/or military status in violation of federal law. (Docket # 1.) .) The VA moved to dismiss Sandgren's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Sandgren had failed to exhaust his administrative remedies. (Docket # 6.) The VA's motion was granted on October 24, 2023 (Docket # 16) and judgment was entered the next day (Docket # 17). On November 8, 2023, Sandgren filed a notice of appeal of the decision granting the VA's motion. (Docket # 18.) Along with the notice of appeal, Sandgren filed a motion for leave to appeal without prepayment of the filing fee (*in forma pauperis*). (Docket # 20.)

    Sandgren requests *in forma pauperis* status to avoid paying the appellate filing fee of $505.00. Section 1915(a)(1) of Title 28, United States Code, authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a

statement of all assets he possesses and that he is unable to pay such fees. Under the Federal Rules of Appellate Procedure, a party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3). An appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Thus, the existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition.

Sandgren did not move, and therefore was not granted, *in forma pauperis* status in the district court action. (Docket # 1.) As to the present motion, Sandgren has failed to provide an affidavit that includes a statement of all assets he possesses and that he is unable to pay the filing fee. (Docket # 20.) Rather, Sandgren argues that he is "asking for the fee waiver" because he "should not be held financially punished" because of the errors he asserts that were made by the defendant and the Court. (*Id.*) But whether *in forma pauperis* status is granted does not depend on whether the appellant believes the lower court erred—presumably all appellants believe the lower court erred. Rather, one seeking to proceed *in forma pauperis* on appeal must demonstrate an inability to pay the fee based on his financial situation.

Sandgren will be provided an opportunity to supplement his motion to include the necessary financial information to allow the Court to determine his *in forma pauperis* motion. The clerk's office will provide Sandgren with a copy of the appropriate form along with this Order. Sandgren must submit the supplemental information by **November 22, 2023**. Failure

to do so will result in Sandgren's motion for leave to appeal without prepayment of the filing fee being denied.

Dated at Milwaukee, Wisconsin this 8th day of November, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge